**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION**

QUEENCILAR YONYE, as Personal
Representative for the Estate of Benjamin
Junior Osafo,

        Plaintiff,

vs.                                                  Case No.:

SP OAKS, LLC and CAMBRIDGE
MANAGEMENT, INC.,

        Defendants.
_____/

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

Plaintiff, QUEENCILAR YONYE, as Personal Representative for the Estate of Benjamin Junior Osafo, sues Defendants, SP OAKS, LLC and CAMBRIDGE MANAGEMENT, INC. (hereinafter collectively "DEFENDANTS"), and allege as follows:

**GENERAL ALLEGATIONS**

1. This is a civil action for legal damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of attorney's fees, interest and taxable costs and is being brought pursuant to the Florida Wrongful Death Act, Fla. Stat. 768.16 et seq.

2. Plaintiff, QUEENCILAR YONYE, is the duly appointed Personal Representative of the Estate of Benjamin Junior Osafo, deceased. The appointment was made on November 27, 2023, at Manatee County, Probate Division. <u>See</u> Exhibit A.

1

3. Benjamin Junior Osafo, a minor, passed away on May 31, 2023, at the age of seven, leaving an Estate and known survivors and/or potential beneficiaries as defined under the Florida Wrongful Death Act.

4. At all times material hereto, Decedent, Benjamin Junior Osafo, was autistic and disabled. He was also non-verbal. DEFENDANTS were aware of all of Benjamin Junior Osafo's disabilities.

5. Children that suffer from autism often feel a compulsion to approach bodies of water, placing them at a significantly higher risk of drowning.

6. The known survivors and/or potential beneficiaries of a recovery from the wrongful death of Benjamin Junior Osafo and their relationship to the decedent, are as follows:

   (A) The Estate of Benjamin Junior Osafo;

   (B) Queencilar Yonye, his mother;

   (C) Benjamin Osafo, his father.

7. Plaintiff, QUEENCILAR YONYE, as the duly appointed Personal Representative of the Estate of Benjamin Junior Osafo, is entitled to recover all allowable damages under the Florida Wrongful Death Act or any applicable Florida statutory or case law for the benefit of the decedent's survivors, beneficiaries and/or Estate.

8. Decedent, Benjamin Junior Osafo, was, at all times material hereto, a resident of Manatee County, Florida.

9. Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, both on behalf of the survivors and individually, was at all times material hereto, a resident of Manatee County, Florida.

10. The Estate of Benjamin Junior Osafo is pending in Manatee County, FL.

11. Defendant, SP OAKS, LLC (hereinafter "SP OAKS") was, at all times material hereto, a Florida Limited Liability Company, organized and existing under the laws of the State of Florida, and conducting business in Manatee County, Florida.

12. Defendant, CAMBRIDGE MANAGEMENT, INC. (Hereinafter "CAMBRIDGE") was, at all times material hereto, a Foreign For-Profit Corporation, authorized to conduct business in the State of Florida and conducting business in Manatee County, Florida.

13. At all times material hereto, SP OAKS, owned, operated, and controlled the property located at 5185 115th Circle East, in Parrish, FL (Hereinafter "Parrish Oaks").

14. Parrish Oaks was, at all times material hereto, operated as a federally subsidized low-income housing community known as Parrish Oaks Apartments, located within Manatee County, FL.

15. At all times material hereto, CAMBRIDGE managed, operated, and controlled Parrish Oaks.

16. SP OAKS, by and through its' agents, designed, built, dredged, constructed, owned, maintained and/or were responsible for a large stormwater detention pond (hereinafter "Detention Pond #1") located at Parrish Oaks.

17. At all times material hereto, Queencilar Yonye, Benjamin Junior Osafo, and his two minor brothers were tenants at Parrish Oaks, lawfully on the Parrish Oaks property as business invitees.

18. On or about May 31. 2023, Benjamin Junior Osafo wandered from his apartment at Parrish Oaks and gained access to and drowned in Detention Pond #1.

19. All the actions that give rise to the claims asserted herein occurred in Manatee County, FL.

20. All conditions precedent to bringing this action have occurred or have otherwise been waived.

## COUNT I – WRONGFUL DEATH
## NEGLIGENT DESIGN, CONSTRUCTION AND MAINTENANCE OF POND SLOPES

21. Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, realleges and incorporates Paragraphs 1 through 20 above as if fully set forth herein.

22. SP OAKS owed Benjamin Junior Osafo a non-delegable duty to use reasonable care in designing, building, dredging, constructing, operating, and/or maintaining Parrish Oaks and Detention Pond #1 in a reasonably safe condition and to warn of any concealed dangers that it knew or should have known about and which were unknown to Benjamin Junior Osafo and could not have been discovered by him through the exercise of due care.

23. CAMBRIDGE had a duty to use reasonable care in managing, operating and/or maintaining Parrish Oaks in a reasonably safe condition and to warn of any concealed dangers that it knew or should have known about, and which were unknown to Benjamin Junior Osafo and could not have been discovered by him through the exercise of due care.

24. The duties owed to Benjamin Junior Osafo by DEFENDANTS were heightened by their knowledge that he suffered from ASD and that those that suffer from ASD are compelled to bodies of water, especially large bodies of water like Detention Pond #1.

25. The construction and maintenance of stormwater ponds in Manatee County, like Detention Pond #1, are regulated by the Southwest Florida Water Management District (Hereinafter "the SWFWMD"), which publishes design requirements for such ponds and

generally provide supervision for the construction and maintenance of Stormwater Management Systems.

26. For purposes of public safety and maintenance, SWFWMD requires that detention areas have stabilized side slopes no steeper than 4:1 (horizontal: vertical) out to a depth of two feet below the control elevation.

27. SWFWMD further defines side slopes steeper than 3.5:1 (horizontal: vertical) as a substantial deviation from the permitted design.

28. Detention Pond #1 had multiple side slopes steeper than 4:1 (horizontal: vertical) and some that were even steeper than 3.5:1 (horizontal: vertical).

29. The steep side slopes existing in Detention Pond #1, some of which were substantially steeper than authorized, created a risk of unreasonable danger to business invitees and constitutes negligence per se, or at the very least, a rebuttable presumption of negligence.

30. Upon information and belief, no survey identifying the side slopes existing within Detention Pond #1 was ever performed at Parrish Oaks, as required, prior to obtaining a Certificate of Occupancy.

31. SP OAKS breached its' duty to use reasonable care in designing, building, dredging, constructing, operating, and/or maintaining Detention Pond #1, by allowing unreasonably dangerous side slopes to exist within the pond.

32. CAMBRIDGE breached its duty to use reasonable care in operating and/or maintaining Detention Pond#1, by allowing unreasonably dangerous side slopes to exist within the pond.

33. DEFENDANTS breached their duty to warn Benjamin Junior Osafo of the concealed dangers created by the unreasonably dangerous side slopes they knew or should have known existed within Detention Pond #1.

34. Benjamin Junior Osafo was unable to appreciate the dangers existing within Detention Pond #1, due to his age, disability, and the concealed nature of the unreasonably dangerous side slopes.

35. As a direct and proximate result of DEFENDANTS breaches, Benjamin Junior Osafo wandered into and/or fell into Detention Pond #1, was unable to extricate himself, and drowned and died.

36. Accordingly, Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, is entitled to recover:

    (A) On behalf of each survivor, mental pain and suffering in the past and in the future;

    (B) On behalf of each survivor, lost support and services in the past and in the future;

    (C) On behalf of the Estate, loss of property, loss of use of such property, loss of net accumulations, medical or funeral expenses of the decedent paid by the Estate or chargeable to the Estate pursuant to Fla. Stat. 768.21 (6)(b);

    (D) Medical or funeral expenses paid by the survivors due to the death of Benjamin Junior Osafo, and;

    (E) Any and all other damages allowed by case or statutory law of Florida.

**WHEREFORE**, Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, deceased, for and on behalf of the Estate and statutory survivors, demands judgment for damages against both DEFENDANTS, together with

interest, taxable costs, and such other and further relief as this Honorable Court deems just, appropriate and proper.

## COUNT II – WRONGFUL DEATH
## NEGLIGENT FENCING

37. Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, realleges and incorporates Paragraphs 1 through 20 and 25 through 29 above as if fully set forth herein.

38. SP OAKS undertook to fence Detention Pond #1 with a four-foot-high aluminum ornamental fence, inclusive of two gates for ingress and egress.

39. Upon information and belief, SP OAKS undertook to fence Detention Pond #1 because it was aware of the unusual and unreasonable dangers posed by said pond.

40. Having undertaken the fencing of Detention Pond #1, SP OAKS assumed a non-delegable duty to act with reasonable care in both the construction and maintenance of the fence and gates.

41. CAMBRIDGE assumed a duty to use reasonable care in managing, operating and/or maintaining the fence and gates in a reasonably safe condition and manner.

42. DEFENDANTS breached their duty to use reasonable care, in the following ways:

    (A) A four-foot fence was too short to reasonably protect business invitees of Parrish Oaks from the unreasonable dangers posed by Detention Pond #1;

    (B) the gates supplied for ingress and egress to and from Detention Pond #1, remained unlocked, thereby eliminating any safety value afforded by the fence;.

43. For purposes of public safety, SWFWMD requires ponds, such as Detention Pond #1, with side slopes steeper than 4:1, to have a six-foot chain-link fence or other protection sufficient to prevent accidental incursion into the retention or detention area.

7

44. DEFENDANTS breached their duty to Benjamin Junior Osafo to provide a six-foot chain-link fence by only installing a four-foot ornamental aluminum fence.

45. The insufficient fencing surrounding Detention Pond #1 created a risk of unreasonable danger to DEFENDANTS business invitees and constitutes negligence per se, or at the very least, a rebuttable presumption of negligence.

46. As a direct and proximate result of DEFENDANTS breaches, Benjamin Junior Osafo gained access to Detention Pond #1 by either entering an unlocked gate or climbing over a fence that was too short to protect against the dangers posed by Detention Pond #1.

47. As a direct and proximate result of DEFENDANTS breaches, Benjamin Junior Osafo wandered into and/or fell into Detention Pond #1, was unable to extricate himself, and drowned and died.

48. Accordingly, Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, is entitled to recover:

    (A) On behalf of each survivor, mental pain and suffering in the past and in the future;

    (B) On behalf of each survivor, lost support and services in the past and in the future;

    (C) On behalf of the Estate, loss of property, loss of use of such property, loss of net accumulations, medical or funeral expenses of the decedent paid by the Estate or chargeable to the Estate pursuant to Fla. Stat. 768.21 (6)(b);

    (D) Medical or funeral expenses paid by the survivors due to the death of Benjamin Junior Osafo, and;

    (E) Any and all other damages allowed by case or statutory law of Florida.

    **WHEREFORE**, Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, deceased, for and on behalf of the Estate and statutory

survivors, demands judgment for damages against both DEFENDANTS, together with interest, taxable costs, and such other and further relief as this Honorable Court deems just, appropriate and proper.

## COUNT III - WRONGUL DEATH
## GENERAL NEGLIGENCE

49. Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, realleges and incorporates Paragraphs 1 through 20 and 22 through 24 above as if fully set forth herein.

50. DEFENDANTS breached their duties owed to Benjamin Junior Osafo, in one or more of the following ways:

(A) Negligently allowing, creating, and maintaining dangerous, unsafe, and hazardous conditions to exist within Detention Pond #1 and the surrounding areas, including, but not limited to, unreasonably dangerous slopes leading both into and within the pond and maintaining unreasonably dangerous water depths;

(B) Negligently failing to have or institute protocols for the regular or periodic inspection of the slopes leading into and within Detention Pond #1, to assure that they were in compliance with SWFWMD and the permitted plans for Parrish Oaks;

(C) Negligently surrounding Detention Pond #1 with a fence and gates that failed to adequately protect those lawfully at Parrish Oaks;

(D) Negligently failing to adequately warn those lawfully at Parrish Oaks of the dangerous conditions associated with Detention Pond #1 and the common areas surrounding it;

9

(E) Negligently allowing, creating, and maintaining unsafe and hazardous conditions within Detention Pond #1, in that the water in the pond was cloudy and/or murky such that the depth could not be ascertained;

(F) Negligently allowing unreasonable amounts of algae to grow within the pond such that once Benjamin Junior Osafo fell into Detention Pond #1, he was unable to extricate himself;

(G) Negligently placing and maintaining trip hazards disbursed around the perimeter of the pond;

(H) Negligently failing to provide oversight, surveillance, safety protocols, and/or supervision of Detention Pond #1 and the surrounding common areas such that the presence of a small child entering the pond would have been properly and timely noticed and acted upon;

(I) Negligently failing to install or have in place any method of promptly detecting abnormal motion or the presence of a child in Detention Pond #1;

(J) Negligently hiring persons who were not adequately trained, licensed, and certified in the proper maintenance of Detention Pond #1 and the common areas of Parrish Oaks.

(K) Negligently designing Detention Pond #1 by centrally locating it among and/or between the dwelling units at Parrish Oaks, leaving very little area for children to play.

51. As a direct and proximate result of DEFENDANTS breaches, Benjamin Junior Osafo wandered into and/or fell into Detention Pond #1, was unable to extricate himself, and drowned and died.

52. Accordingly, Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, is entitled to recover:

(A) On behalf of each survivor, mental pain and suffering in the past and in the future;

(B) On behalf of each survivor, lost support and services in the past and in the future;

(C) On behalf of the Estate, loss of property, loss of use of such property, loss of net accumulations, medical or funeral expenses of the decedent paid by the Estate or chargeable to the Estate pursuant to Fla. Stat. 768.21 (6)(b);

(D) Medical or funeral expenses paid by the survivors due to the death of Benjamin Junior Osafo, and;

(E) Any and all other damages allowed by case or statutory law of Florida.

**WHEREFORE**, Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, deceased, for and on behalf of the Estate and statutory survivors, demands judgment for damages against both DEFENDANTS, together with interest, taxable costs, and such other and further relief as this Honorable Court deems just, appropriate and proper.

## COUNT IV – WRONGFUL DEATH
## ATTRACTIVE NUISANCE

53. Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, realleges and incorporates Paragraphs 1 through 20, 22 through 34, 38 through 45, and 50 above, as if fully set forth herein.

54. At all times material hereto, Detention Pond #1 was an attractive nuisance, attracting children and/or those with developmental disabilities, such as Benjamin Junior Osafo, to play near or in said pond.

55. At all times material hereto, residents of Parrish Oaks and/or their guests, sometimes played, gathered, and/or otherwise assembled within the fence surrounding Detention Pond #1, often entering Detention Pond #1.

11

56. Detention Pond #1 comprised a large portion of the common area of Parrish Oaks, thereby offering minor residents only limited areas to play such that they were drawn to Detention Pond #1, even more.

57. DEFENDANTS knew, or in the exercise of reasonable care should have known, children and/or those with developmental disabilities, were likely to reside, play, and explore near and/or enter Detention Pond #1.

58. Detention Pond #1 presented an unreasonable risk of death or serious bodily harm to children and/or persons with developmental disabilities who, because of their age and disability, were not likely to discover the dangerous conditions posed by Detention Pond #1, or realize the risk involved in going in or near the pond.

59. DEFENDANTS knew or had reason to know of the risk Detention Pond #1 posed to children and/or persons with developmental disabilities.

60. Benjamin Junior Osafo, because of his age and disability, did not understand the dangerous condition posed by Detention Pond #1 or realize the risk involved in going near or in the pond.

61. The utility to DEFENDANTS in properly constructing and maintaining Detention Pond #1, and the surrounding common areas, is slight as compared to the risk to young children with developmental disabilities, such as Benjamin Junior Osafo, gaining access to the pond.

62. As a direct and proximate result of DEFENDANTS negligence, Benjamin Junior Osafo gained access to Detention Pond #1 by either entering an unlocked gate or climbing over a fence that was too short to protect against the dangers posed by Detention Pond #1.

63. As a direct and proximate result of DEFENDANTS breaches, Benjamin Junior Osafo wandered into and/or fell into Detention Pond #1, was unable to extricate himself, and drowned and died.

64. Accordingly, Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, is entitled to recover:

    (A) On behalf of each survivor, mental pain and suffering in the past and in the future;

    (B) On behalf of each survivor, lost support and services in the past and in the future;

    (C) On behalf of the Estate, loss of property, loss of use of such property, loss of net accumulations, medical or funeral expenses of the decedent paid by the Estate or chargeable to the Estate pursuant to Fla. Stat. 768.21 (6)(b);

    (D) Medical or funeral expenses paid by the survivors due to the death of Benjamin Junior Osafo, and;

    (E) Any and all other damages allowed by case or statutory law of Florida.

**WHEREFORE**, Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, deceased, for and on behalf of the Estate and statutory survivors, demands judgment for damages against both DEFENDANTS, together with interest, taxable costs, and such other and further relief as this Honorable Court deems just, appropriate and proper

.**COUNT V – WRONGFUL DEATH**
**VIOLATION OF THE AMERICANS WITH DISABILITY ACT, THE FAIR HOUSING ACT AND SECTION 504 OF THE REHABILITATION ACT**

65. Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, realleges and incorporates Paragraphs 1 through 20, 22 through 34, 38 through 45, and 50 above, as if fully set forth herein.

13

66. Those that have autism are a protected class under The Americans with Disability Act, The Fair Housing Act, and Section 504 of the Rehabilitation Act (Hereinafter "Federal Anti-Discrimination Laws").

67. Federal Anti-Discrimination Laws make it unlawful to refuse to make reasonable accommodations and/or modifications to rules, policies, practices, or services when such accommodations may be necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling and public and common use areas.

68. At all times material hereto, Parrish Oaks was a Federally Assisted Property for which DEFENDANTS were required to comply with all Federal Anti-Discrimination Laws.

69. In May of 2022, Queencilar Yonye, in her individual capacity, executed a lease for her family's apartment at Parrish Oaks.

70. Pursuant to the lease, Benjamin Junior Osafo became a lawful tenant at Parrish Oaks.

71. As part of the move-in process, Queencilar Yonye was provided with DEFENDANTS "Policy Statement for Reasonable Accommodation and Modification," establishing that "it is unlawful for an owner/manager to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford an individual with a disability, equal opportunity to use and enjoy a dwelling unit, including public and common use areas," as per Federal Anti-Discrimination Law.

72. At or around the time of Queencilar Yonye and her family's move to Parrish Oaks, in May of 2022, Queencilar Yonye, in her individual capacity, requested reasonable modifications of the family's dwelling unit at Parrish Oaks, due to the dangers posed by Detention Pond #1.

73. Specifically, Queencilar Yonye feared that Benjamin Junior Osafo might wander from the residence and be drawn to the large body of water, Detention Pond #1, directly outside the family's residence.

74. Considering Queencilar Yonye's fears, she requested, on multiple occasions, that CAMBRIDGE modify the door locks such that they would be inaccessible to Benjamin Junior Osafo and/or that he would be unable to operate them.

75. DEFENDANTS denied these multiple reasonable modifications and accommodations requests, all in violation of Federal Anti-Discrimination Laws.

76. As a direct and proximate result of DEFENDANTS violations of Federal Anti-Discrimination Laws, and breaches of other duties owed by DEFENDANTS, as previously set forth herein, Benjamin Junior Osafo was able to exit his apartment and wander and/or fall into Detention Pond #1, was unable to extricate himself, and drowned and died.

77. Accordingly, Plaintinff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, is entitled to recover:

    (A) On behalf of each survivor, mental pain and suffering in the past and in the future;

    (B) On behalf of each survivor, lost support and services in the past and in the future;

    (C) On behalf of the Estate, loss of property, loss of use of such property, loss of net accumulations, medical or funeral expenses of the decedent paid by the Estate or chargeable to the Estate pursuant to Fla. Stat. 768.21 (6)(b);

    (D) Medical or funeral expenses paid by the survivors due to the death of Benjamin Junior Osafo, and;

    (E) Any and all other damages allowed by case or statutory law of Florida.

**WHEREFORE**, Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, deceased, for and on behalf of the Estate and statutory survivors, demands judgment for damages against both DEFENDANTS, together with interest, taxable costs, and such other and further relief as this Honorable Court deems just, appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, QUEENCILAR YONYE, as Personal Representative of the Estate of Benjamin Junior Osafo, hereby demands a trial by jury on all counts and all issues so triable.

Dated: 6/05/2024                                                           BECKER & LINDAUER, LLC

/s/ David S. Becker
_____
DAVID S. BECKER
Florida Bar No.: 0764426
Becker & Lindauer, LLC
11023 Gatewood Dr.
Suite 103
Bradenton, FL 34211
(941) 567-6728 – Telephone
(941) 499-8406 – Facsimile
Attorney For Plaintiffs
Primary Email: service@blfllaw.com
Secondary Email: dave@blfllaw.com

16

IN THE CIRCUIT COURT FOR MANATEE COUNTY,
FLORIDA					PROBATE DIVISION
IN RE: ESTATE OF

					File No. 2023-CP-3734
BENJAMIN JUNIOR OSAFO
					Division Probate
	Deceased.

### ORDER APPOINTING PERSONAL REPRESENTATIVE
(intestate – single)

On the petition of Queencilar Yonye for administration of the estate of BENJAMIN JUNIOR OSAFO, deceased, the court finding that the decedent died on May 31, 2023, and that QUEENCILAR YONYE is entitled to appointment as personal representative by reason of next of kin, and is qualified to be personal representative, it is

ADJUDGED that QUEENCILAR YONYE is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing designation and acceptance of resident agent, and filing bond in the sum of $ _waived until verdict or settlement_, letters of administration shall be issued. _If either exceeds one million dollars PR shall set bond review within 10 days._

ORDERED on _11/27/_, 2023.

					Honorable Diana L. Moreland
					Circuit Judge

"A"